JOSEPH A. CULMO AND MARY J. CULMO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Culmo
Docket No. 25780-90
United States Tax Court
T.C. Memo 1993-9; 1993 Tax Ct. Memo LEXIS 10; 65 T.C.M. (CCH) 1719; January 11, 1993, Filed *10 Decision will be entered under Rule 155. Joseph A. Culmo, pro se. For Respondent: Harris Bonnette. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' 1987 Federal income taxes of $ 780, as well as additions to tax for negligence of $ 39 and 50 percent of the interest due on the deficiency. The parties have reached an agreement with respect to certain issues which will necessitate a Rule 155 computation. [2] The issues remaining for our decision are: (1) Whether petitioners may deduct home office and repair expenses of $ 261 and $ 339, respectively, and (2) whether petitioners are liable for additions to tax for negligence. *11 Some of the facts have been stipulated and are so found. The Stipulation of Facts and attached exhibits are incorporated herein by this reference. Joseph A. Culmo (hereinafter petitioner) and Mary J. Culmo filed a joint income tax return for 1987. They resided in Florida when they filed their petition. In 1987, petitioner sold food supplements for the Shaklee Corporation. Due to poor health, in 1986, petitioner relocated his office to his home in Bradenton, Florida. On Schedule C of his 1987 joint Federal income tax return, petitioner deducted $ 8,109 in business expenses and reported a net loss from such business of $ 9,975. In the notice of deficiency, respondent determined that only $ 2,881 of petitioner's business expenses are deductible. Included in the $ 5,228 of expenses respondent disallowed is $ 261 of home office expense and $ 339 of repairs which petitioner contends that he is entitled to deduct. Respondent maintains that petitioner may not deduct these expenses because section 280A(c)(5) does not allow the deduction of home office expenses when the business conducted therein suffers a loss. We have examined the provisions of section 280A(c)(5) and find that *12 such statute does so limit the deduction of home office expenses. However, petitioner contends that both the home office and the repair expenses stem from the relocation of the business to his home due to his illness and, therefore, are deductible as medical expenses. In , we held that petitioners' 1986 home office expenses were not deductible as medical expenses since their primary purpose was not for "medical care" within the meaning of section 213(a). Payments for "medical care" are defined in sec. 213(d) as payments "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body". Such payments must be for goods and services directly or proximately related to the diagnosis, cure, mitigation, treatment, or prevention of the disease or illness. . An incidental benefit is not enough. . Petitioner distinguishes , *13 from the case at hand by arguing that, in that opinion, we characterized his illness as a kidney infection, when, in fact, it was cancer. However, the deductibility of a medical expense is determined by whether the "primary purpose" of such expense was for "medical care" of the taxpayer. Therefore, the nature of the illness is not, in itself, material, as expenditures for medical care necessitated by any illness qualify for the deduction. Therefore, regardless of whether petitioner's illness was a kidney infection or cancer, the deductibility of his home office expenses and repairs as medical expenses is determined solely by whether they were incurred for the primary purpose of diagnosis, cure, mitigation, treatment, or prevention of such illness. Petitioner did not present us with any evidence to support such a finding. Accordingly, we hold that petitioner may not deduct either his home office expenses or repair expenses as medical expenses. Respondent also determined that petitioner was negligent in filing his income tax return and, therefore, is liable for the additions to tax under section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) provides that, if any portion of an *14 underpayment of tax is due to negligence or intentional disregard of rules or regulations, an amount equal to 5 percent of the underpayment is added to the tax. Section 6653(a)(1)(B) provides for an addition to tax equal to 50 percent of the interest on the portion of the underpayment attributable to negligence. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. , affg. ; , affg. in part and remanding in part ; . Because an addition to tax under section 6653(a) is presumptively correct, the taxpayer bears the burden of establishing that respondent's determination was erroneous. , affg. in part and revg. in part ; *15 ; Enoch v. Commissioner, 57, T.C. 781, 802-803 (1972). On his Schedule C, petitioner deducted business expenses of $ 8,109, of which respondent allowed only $ 2,881. Although this amount has been modified somewhat by respondent's concessions, the bulk of the $ 5,228 in Schedule C expenses disallowed by respondent is not deductible. Petitioner prepared his own income tax return and claimed that the errors thereon were inadvertent and were caused by the complexity of the tax law. Although we acknowledge that the law is complex, in general, a taxpayer is charged with determining whether an expense is deductible before taking a deduction on his return. ; . The additions to tax for negligence will be negated when the deficiency was due to a mistaken interpretation of the law on which there is an understandable difference of opinion. , affd. . *16 In this case, the parties ultimately agreed that most of the business deductions claimed by petitioner on his Schedule C were, in fact, not deductible. Consequently, we conclude that petitioner was negligent in the preparation of his income tax return. Accordingly, we hold that petitioner is liable for the addition to tax under section 6653(a)(1)(A) plus 50 percent of the interest under section 6653(a)(1)(B). Based on the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have agreed that on Schedule C: (1) Petitioner may not deduct a $ 1,075 loan; (2) petitioner may deduct $ 1,082 as copy machine lease expense instead of the $ 1,009 originally claimed on the return; and (3) petitioner may deduct $ 918 of automobile lease expense.↩